# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**JERRY LEE KEY,**

    **Movant,**

v.                                                                            **Case No. 2:17-cv-00556**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's "Motion for Certificate of Innocence pursuant to 28 U.S.C. § 2513" (ECF No. 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., and it is referred to the undersigned United States Magistrate Judge for initial review and submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1).

## PROCEDURAL HISTORY

On June 30, 1997, Movant pled guilty to a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *United States v. Key*, No. 2:97-cr-00033, ECF No. 47. On September 17, 1997, this Court sentenced Movant to serve a term of 210 months imprisonment, followed by a five-year term of supervised release, after finding that he was an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *Id.*, ECF No. 53. Without the ACCA enhancement, Movant would have been subject to a 10-year maximum sentence.

This Court's determination that the ACCA applied to Movant was based upon the findings in his Presentence Investigation Report ("PSR") that Movant had at least three prior convictions that were "violent felonies" as defined in the ACCA.[1] Movant's offenses consisted of a 1989 unlawful wounding conviction, in violation of W. Va. Code § 61-2-9, and two escape convictions in 1990 and 1993, both in violation of W. Va. Code § 61-5-10. The Movant's sentence was affirmed by the United States Court of Appeals for the Fourth Circuit. *United States v. Key*, 145 F.3d 1327 (4th Cir. 1998).

Movant served his term of imprisonment and was released on March 31, 2011 to begin serving his term of supervised release. However, on December 11, 2012, Movant's supervised release was revoked and Movant was ordered to serve a term of incarceration of 60 months, with no further term of supervised release thereafter. *United States v. Key*, No. 2:97-cr-00033, ECF No. 159.

While Movant was incarcerated on his supervised release revocation, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), holding that the residual clause of the ACCA is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. As noted by the United States herein, the Supreme Court specifically excluded the remainder of the ACCA from its holding in

---

[1] The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defined a "violent felony" as a crime punishable … by imprisonment for a term exceeding one year … that

    (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)    is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added). The emphasized portion of this definition is known as the Act's "residual clause."

*Johnson*. The Court stated, "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. Thus, a prior conviction may still qualify as a violent felony if it meets the criteria of the element of force clause contained in section 924(e)(2)(B)(i) (hereinafter "the force clause") or the enumerated offenses of burglary, arson, extortion or crimes involving explosives, under section 924(e)(2)(B)(ii) (hereinafter "the enumerated offense clause").

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.

On June 13, 2016, the Federal Public Defender was appointed to represent Movant to file a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, which was filed on June 16, 2016. *United States v. Key*, No. 2:97-cr-00033, ECF No. 186.[2] On July 20, 2016, the United States (hereinafter "the Government") responded to the section 2255 motion and agreed that Movant no longer qualified as an armed career criminal because his West Virginia escape convictions are not considered "violent felonies" in light of *Johnson* and, therefore, the Government consented to the relief sought by Movant. *Id.*, ECF No. 188. The presiding District Judge's Order granting Movant's section 2255

---

[2] This motion was a second or successive section 2255 motion, which was authorized to be filed by the United States Court of Appeals for the Fourth Circuit on June 16, 2016. *Id.*, ECF Nos. 184, 185.

motion adopted the explanation of the issue as set forth in the section 2255 motion, which stated:

> That is because in West Virginia, the offense of escape is not one of the enumerated offenses under ACCA and "does not '[have] as an element the use attempted use, or threatened use of physical force.'" *United States v. Nichols*, 563 F. Supp.2d 631, 635 (S.D. W. Va. 2008). As a result, it could only have counted as a violent felony under the residual clause that was declared unconstitutionally vague in *Johnson*. *Id.* at 635-638 (performing residual clause analysis). Thus, Key no longer has three predicate convictions (either "violent felonies" or "serious drug offenses") necessary for the ACCA enhancement to apply to him. As a result, Key's sentence of 210 months was . . . in excess of the 10-year statutory maximum for his federal 0ffese of being a felon in possession of a firearm . . . .

*Id.*, ECF No. 190 at 2. Movant's revocation sentence was thereafter reduced to time served and he was released from custody with no further supervised release. *Id.* at 3.

On January 12, 2017, Movant filed the instant Motion for Certificate of Innocence pursuant to 28 U.S.C. § 2513, along with a Motion to Proceed In Forma Pauperis (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 3).[3] Movant is now incarcerated at the Mount Olive Correctional Complex where he is serving a 2013 state sentence for sexual assault in the second degree. According to the West Virginia Division of Corrections' inmate locator on its website, Movant's projected release date in February 27, 2025.

The instant motion requests that this Court grant Movant a "certificate of innocence," pursuant to 28 U.S.C. § 2513, which will authorize him to file a suit for monetary damages against the Government in the United States Court of Federal Claims under 28 U.S.C. § 1495. Section 2513, which is titled "Unjust conviction and imprisonment," states in pertinent part as follows:

---

[3] By separate Order the undersigned has granted Movant's Motion to Proceed In Forma Pauperis (ECF No. 2) and his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 3).

> (a) Any person suing under section 1495 of this title, must allege and prove that:
>
>> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>>
>> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
>
> (b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

28 U.S.C. § 2513. Movant's motion also requests, however, that this Court declare that 28 U.S.C. § 2513 is unconstitutionally vague and/or violates the Eighth Amendment's prohibition against cruel and unusual punishment because it allegedly addresses "unjust convictions" but not "unjust imprisonment." (ECF No. 1 at 1).

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(a) and (b). A similar initial screening standard applies to cases filed by persons seeking to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B).

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim

5

lacks "an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.
> \* \* \*
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

### A.  28 U.S.C. § 2513 is not unconstitutionally vague.

Movant's motion addresses his vagueness argument as follows:

> Although Congress has very clearly expressed in the [title] of 28 U.S.C. § 2513, its intent to provide for both unjust "conviction" [and] "imprisonment," the provisions of § 2513(a), (b), and (c) focus entirely upon an unjust "conviction," without even the slightest mention of a prisoner's unjust "imprisonment." It is equally clear that 2513(c)'s primary interest focuses on the amount of money to be awarded, while failing to provide a clear directive...addressing claims by those who have suffered an unjust "imprisonment" that has not been authorized by any valid criminal statute. See *Welch v. United States*, 136 S. Ct. 1257 (2004); *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989); see also *United States v. Newbold*, 791 F.3d 455, 460 (4th Cir. 2015).
>
> * * *
>
> Notwithstanding a petitioner's claims of innocence, or lack thereof, the [objects] expressed in the title [28 U.S.C. § 2513] namely, unjust "conviction" [and] "imprisonment" have been individualized in the [title] and therefore must be viewed separately. Given the term "unjust-imprisonment' its ordinary meaning, as courts must, the meaning is unambiguous. Finding no definitive answer in the statutory test of 28 U.S.C. § 2513 addressing "unjust-imprisonment," this Court must now find that 28 U.S.C. § 2513 is unconstitutionally vague.

(ECF No. 1 at 8-9).

In order to demonstrate that a civil statute, such as 28 U.S.C. § 2513, is void for vagueness, the statute must be "so vague and indefinite as really to be no rule or standard at all." *See, e.g., Boutilier v. INS,* 387 U.S. 118, 123 (1967); *Association of Intern. Auto Mfrs., Inc. v. Abrams*, 84 F.3d 602, 614 (2d Cir. 1996). The Fourth Circuit addressed the legislative history and intent of section 2513 in *United States v. Graham*, 608 F.3d 164 (2010). The Court stated:

> [T]he plain language of § 2513 requires that one seeking a certificate of innocence (who has not been pardoned) *prove* three predicates. He must prove (1) "the record . . . of the court setting aside or reversing" his conviction demonstrates that it did so "on the ground that he is not guilty of

the offense of which he was convicted," § 2513(a)(1); (2) he "did not commit any of the acts charged" or those acts "constituted no crime against the United States, or any State, Territory or the District of Columbia," § 2513(a)(2); and (3) "he did not by misconduct or neglect cause or bring about his own prosecution," *id.*

*Id.* at 171. The *Graham* Court further noted that:

First, Congress clearly did not provide in the unjust conviction and imprisonment act an avenue for monetary compensation to all whose criminal convictions are reversed after incarceration. *See Betts v. United States*, 10 F.3d 1278, 1284 (7th Cir. 1993); *United States v. Keegan*, 71 F. Supp. 623, 635 (S.D.N.Y. 1947). Rather, "the phrasing of the Act and its legislative history proclaim the care with which its framers guarded against opening wide the door through which the treasury may be assailed by persons erroneously convicted." *United States v. Brunner*, 200 F.2d 276, 280 (6th Cir. 1952); *see also* H.R. Rep. No. 75-2299, at 2 (1938), *quoted in Keegan*, 71 F. Supp. at 633 (noting that Congress enacted this statute to provide only "certain innocent persons" the ability "to present a claim for financial indemnity" upon "showing their innocence"). As the Eighth Circuit has recently recognized, § 2513 "compensates only the truly innocent." *United States v. Racing Servs., Inc.*, 580 F.3d 710, 712 (8th Cir. 2009) (citing *Betts*, 10 F.3d at 1284). [Footnote omitted].

*Id.*

Thus, section 2513 clearly addresses the situation where a defendant's <u>conviction</u> is overturned or set aside based upon actual innocence or the defendant is pardoned. The reference to "imprisonment" in this statute is that attendant to the unlawful conviction. The statute does not apply to a defendant, like Movant, whose conviction stands, but whose sentence was found to be improper. The undersigned has been unable to locate a single case in which a similar challenge has been addressed, let alone resolved in Movant's favor. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Movant's vagueness challenge is frivolous and fails to state a claim upon which relief can be granted.

## B. Section 2513 does not violate the Eighth Amendment.

Similarly, Movant's assertion that section 2513 violates the guarantee against cruel and unusual punishment under the Eighth Amendment is frivolous and fails to state a claim upon which relief can be granted. Movant's motion states:

> In the instant case, Petitioner [Key] has clearly established (1) that his conditional plea of guilty to possession of a firearm by a convicted felon [18 U.S.C. § 922(g)(1)] was punishable by no more than 10-years of imprisonment under 18 U.S.C. § 924(a)(2); (2) that his increased sentence under the ACCA's "residual clause," 18 U.S.C. § 924(e)(2)(B)(ii), violated the Due Process Clause because the "residual clause" is "unconstitutionally vague," *Johnson*, 135 S. Ct. 2551; (3) that the Supreme Court's decision in *Johnson*, supra, is retroactively applicable to cases on collateral review. *Welch*, 136 S. Ct. 1257; (4) that his ACCA (residual clause) sentencing enhancement was not authorized by any valid criminal statute and, therefore, void ab initio; and (5) that his ACCA sentencing enhancement was disproportionate "as applied" to the offense of possession of a firearm by a convicted felon, thereby in violation of the Eighth Amendment's probation against "cruel and unusual punishments."

(ECF No. 1 at 10-11). His motion further states:

> There is no legal justification to be offered by this Court, or the United States [Government] to excuse having forced Petitioner to languish in federal prison (for approximately 20 years) under a sentence that was void from the beginning. Even "a single day in prison may be unconstitutional in some circumstances." *Robinson v. California*, 370 U.S. at 667, 8 L. Ed.2d 758, 82 S. Ct. 1417 (1962). The statutory provisions of 28 U.S.C. § 2513, requiring that a petitioner prove his "innocence" as a prerequisite to pursuing claims against the United States for unjust punishment is nothing more than a one-sided configuration intended to shield the Government from having to accept responsibility for subjecting Petitioner to a term of imprisonment that the law clearly did not authorize. Permitting the Government to hide behind the pre-colonial, British based, regal shield of sovereign immunity to immunize itself from the consequences of violating Petitioner's [Key's] constitutional rights would be antithetical to the spirit of the Constitution and leave the Bill of Rights an empty shell. . . .
>
> This Court is now in a position to rectify the injustices Petitioner was forced to endure as a result of his false imprisonment and to that end . . . the Court is now being called upon to do so. That a "Certificate of Innocence" issue in this case pursuant to 28 U.S.C. § 2513, whereby authorizing the United States Court of Federal Claims to take up jurisdiction in this case pursuant to 28 U.S.C. § 1495. That the Court render a decision in this case

>addressing the issues of whether 28 U.S.C. § 2513 is unconstitutionally vague and/or violates the Eighth Amendment's prohibition against cruel and unusual punishments.

(*Id.* at 11-12).

Section 2513 is a limited waiver of sovereign immunity allowing claims for monetary damages against the United States by those who were wrongfully <u>convicted</u>. It is clear that Congress did not intend to extend that immunity to those who were wrongfully sentenced.

At bottom, Movant's Eighth Amendment challenge is to his sentence itself and the United States is immune from claims for damages arising under the Constitution. *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (the United States enjoys sovereign immunity unless Congress specifically waives it in a particular statute); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 483 (1994) (damage claims against the Federal Government under civil rights laws or directly under the Constitution are not maintainable because these provisions do not serve as a waiver of sovereign immunity from money damage suits); *Thomas v. United States*, 770 F. Supp.2d 154, 157 (D.D.C. 2011) (sovereign immunity bars prisoner's Eighth Amendment claim for damages against United States). Movant is simply attempting to bootstrap an Eighth Amendment claim over which the federal courts have no jurisdiction to his attempt to obtain a certificate of innocence to which he is not entitled. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Movant's claim that 28 U.S.C. § 2513 violates the Eighth Amendment is frivolous and fails to state a claim upon which relief can be granted.

### C. Movant is not entitled to a certificate of innocence.

The decision to deny a certificate of innocence is committed to the sound discretion of the district court. *Graham,* supra, 608 F.3d at 172. As noted by the Fourth Circuit in *Graham*, "Congress expressly directed that one seeking the certificate of innocence bear the burden of not only 'alleg[ing]' but also 'prov[ing]' entitlement to the certificate. 28 U.S.C. §2513(a) (other citations omitted). 608 F.3d at 171-72. The *Graham* Court further noted that:

> Moreover, because it constitutes a waiver of sovereign immunity, "the unjust conviction statute has always been strictly construed." [*Burgess v. United States* 20 Ct. Cl. 701, 704 (1990)]; *Osborn v. United States*, 322 F.2d 835, 838 (5th Cir. 1963); *Keegan*, 71 F. Supp. at 635-36 ("[A] statute creating a claim against the Government should be strictly construed, and may not by implication be extended to cases not plainly within in its terms." (internal quotation marks omitted)). Thus, § 2513 imposes a rigorous burden on those who seek a certificate of innocence.

*Id.* at 172.

Under the clear statutory language of section 2513, the undersigned proposes that the presiding District Judge **FIND** that Movant is not entitled to a certificate of innocence because his federal conviction for being a felon in possession of a firearm has not been reversed or set aside on the grounds that he is not guilty of the offense, and he has not been pardoned.

### RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Movant's Motion for Certificate of Innocence pursuant to 28 U.S.C. § 2513, including his constitutional challenges thereto.

The Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United

States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the Movant shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the Movant.

August 15, 2017

Dwane L. Tinsley
United States Magistrate Judge